**COOPER DRILLING, INC., a Colorado corporation, Plaintiff-Appellee,**

v.

**SAN LUIS VALLEY LAND COMPANY, a Colorado corporation, Defendant-Appellant.**

No. 85CA1538.

Colorado Court of Appeals, Div. III.

Aug. 20, 1987.

Gordon H. Rowe, Jr., Monte Vista, Gordon H. Rowe, III, Oklahoma City, Okl., for plaintiff-appellee.

Rothgerber, Appel, Powers & Johnson, Gregory L. Williams, Frederick J. Baumann, Elizabeth T. Wald, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, San Luis Valley Land Co., appeals the trial court's denial of its motions to set aside a default judgment entered for plaintiff, Cooper Drilling, Inc. We affirm.

On May 18, 1984, plaintiff brought this action pursuant to § 38–24–101, et seq., C.R.S. (1982 Repl. Vol. 16A) to foreclose a mechanic's lien on certain water wells and irrigation equipment located on land owned by defendant, and for a money judgment for the amount owing. Service of process was made on defendant's registered agent on May 24, pursuant to C.R.C.P. 4(e)(5). *See* § 7–3–112, C.R.S. (1986 Repl. Vol. 3A). Defendant neither filed an answer nor appeared to defend.

On November 14, the trial court entered judgment by default against defendant in the amount of $70,557.76, decreed foreclosure of the mechanic's lien, and ordered the sheriff to sell the property. On February 22, 1985, plaintiff purchased the wells and equipment at the sheriff's sale for $15,000, received a certificate of purchase and, later, a sheriff's bill of sale. The trial court approved the sale.

On July 30, 1985, claiming that the registered agent had not notified it and that the first notice of the action was on receipt of a June 10, 1985 letter from plaintiff's counsel, defendant filed a motion to set aside the default judgment pursuant to C.R.C.P. 55(c) and 60(b). This motion was based on (1) alleged excusable neglect (negligence of the registered agent) and claimed knowledge by plaintiff's counsel that the registered agent had been terminated by defendant, (2) viable defenses on the merits (with an attached answer), and (3) equities in favor of setting aside the default. The trial court denied the motion

as untimely under C.R.C.P. 60(b)(1) in that it had been filed more than six months after entry of judgment, and lacked any extraordinary circumstances to qualify for relief under C.R.C.P. 60(b)(5). A subsequent motion for reconsideration was denied on the same grounds.

Defendant contends that the trial court erred in refusing to grant it relief from the default judgment pursuant to C.R.C.P. 60(b)(5), on the ground that plaintiff's counsel knew or should have known that the registered agent was no longer defendant's employee and would not provide defendant with notice of the action. We disagree.

■ Section 7–3–110(1)(b), C.R.S. (1986 Repl. Vol. 3A) requires each corporation authorized to transact business in Colorado to have, and continuously maintain, a registered agent in this state. Defendant admits that the person who was served with process in this case was still registered with the secretary of state as its agent for the service of process when this action was commenced. Defendant also concedes that it had taken no steps to change its registered agent pursuant to the procedures outlined in § 7–3–111(1) and (2), C.R.S. (1986 Repl. Vol. 3A). Nor does the record reflect that the registered agent had resigned pursuant to § 7–3–111(3), C.R.S. (1986 Repl. Vol. 3A). Therefore, the person who was served here, despite his allegedly terminated status as an employee of defendant, remained defendant's registered agent upon whom the service of process in this case was valid and binding on defendant pursuant to § 7–3–112(1) and C.R.C.P. 4(e)(5).

Since the person who was served remained defendant's registered agent at all pertinent times, it was therefore impossible for plaintiff's counsel to have had any "knowledge" otherwise. Thus, the trial court did not err in refusing to impute such "knowledge" to plaintiff's counsel.

The trial court also properly rejected defendant's argument that plaintiff's counsel knew or should have known that since the registered agent was no longer defendant's employee, he would not provide defendant with notice of the action. It does not fol-

low that the registered agent would fail to notify defendant of the suit merely because defendant had terminated his full-time employment.

■ Defendant's contention that the default judgment should be set aside on independent equitable grounds under C.R.C.P. 60(b)(5) is merely an attempt to reargue excusable neglect as a ground for relief, which the trial court properly held was barred under C.R.C.P. 60(b)(1) by the motion's untimely filing. *See Atlas Construction Co. v. District Court*, 197 Colo. 66, 589 P.2d 953 (1979).

■ Because defendant's motion failed to present valid grounds for setting the judgment aside, the trial court did not abuse its discretion in denying defendant's request for discovery and a hearing. *See* C.R.C.P. 43(e); *Dodge Country, U.S.A., Inc. v. Robinsin*, 539 P.2d 1292 (Colo.App. 1975) (not selected for official publication).

Orders affirmed.

STERNBERG and CRISWELL, JJ., concur.