958 P.2d 1132 (1998)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
IN the INTEREST OF V.W., a Child, and Concerning S.W. and R.R., Respondents-Appellants.
No. 97CA1088.
Colorado Court of Appeals, Div. V.
May 14, 1998.
*1133 George N. Monsson, Morgan County Attorney, Douglas J. Marston, Assistant Morgan County Attorney, Ft. Morgan, for Petitioner-Appellee.
Elizabeth Strobel, Guardian Ad Litem.
Arnold, Ross & Singer, LLP, Alan W. Samber, Sterling, for Respondent-Appellant S.W.
Michael O. Kelley, Ft. Morgan, for Respondent-Appellant R.R.
Opinion by Judge KAPELKE.
S.W. (mother) appeals from a trial court judgment Terminating her parent-child relationship with her child, V.W. R.R.(father) appeals from a trial court order denying his motion to set aside a default judgment of termination of his parental rights with respect to V.W. We affirm.

I. Father's Appeal

A.
Father contends that the trial court erred in refusing to set aside the default judgment of termination on the basis that counsel had not been appointed to represent him at the termination hearing. We find no error.
At the first appearance in a dependency or neglect proceeding, a parent must be advised of the right to be represented by counsel at every stage of the proceeding and of the right to seek appointed counsel if he or she is financially unable to secure counsel. Sections 19-1-105(2) and 19-3-202(1), C.R.S. 1997; People in Interest of L.L., 715 P.2d 334 (Colo.1986). Section 19-3-602(2), C.R.S. 1997, provides that, after a motion to terminate is filed, a parent who is not represented by counsel must again be advised of the right to counsel, and that "counsel shall be appointed in accordance with the provisions of § 19-1-105."
Unlike father, we do not construe § 19-3-602(2) to require a trial court to appoint counsel, sua sponte, for any parent who does not have an attorney at the time a motion to terminate is filed and who thereafter made no request for an appointment of counsel. Rather, § 19-3-602(2) expressly states that counsel shall be appointed pursuant to § 19-1-105(2), which, in turn, provides that the right to counsel shall be as provided in the Children's Code. Thus, §§ 19-3-202(2) and 19-3-602(2) must be construed together. See also M.S. v. People, 812 P.2d 632 (Colo. 1991). In People in Interest of L.L., supra, the supreme court held that, under Colo. Sess. Laws 1983, ch. 210, § 19-1-106(1)(a) at 724, the predecessor statute to §§ 19-1-105 and 19-3-202(2), C.R.S.1997, lack of counsel *1134 at a detention hearing was not reversible error where the parent had failed to request an attorney. Contrary to father's argument, there is no language in L.L. which limits its holding to detention hearings. Thus, we conclude that the statutory right to appointed counsel at any stage of a dependency or neglect proceeding, including termination, must be invoked by a parent's request for an attorney. See People in Interest of L.L., supra.
Here, both at the commencement of the proceeding and again at the time the motion for termination was filed, father was advised in writing of his right to appointed counsel. See §§ 19-3-202(1) and 19-3-602(2), C.R.S.1997; C.R.J.P. 4.2(a) and 4.2(d). In addition, the county attorney sent a letter to father two months after the petition was filed explaining the procedure for obtaining appointed counsel. However, father's first request for an attorney, which was granted, was not made until after his parental rights had already been terminated by default judgment.
Because the court was not required to appoint counsel sua sponte, we conclude that father's lack of counsel at the termination hearing did not constitute error or mandate a setting aside of the default judgment terminating father's parental rights. See People in Interest of L.L., supra.

B.
For the first time on appeal, father contends that the petition in dependency or neglect was insufficient because it did not allege abandonment as a potential ground for termination. Because the issue was not raised in the trial court, we decline to address it on appeal. See In re Catholic Charities & Community Services in Interest of C.C.G., 942 P.2d 1380 (Colo.App.1997).

C.
Finally, father contends that the trial court erred in failing to conduct an evidentiary hearing on his motion to set aside default judgment. Because the facts that would be relevant to the motion to set aside could be discerned from the record, we find no error. See C.R.J.P. 1; C.R.C.P. 43(e); Cooper Drilling, Inc. v. San Luis Valley Land Co., 743 P.2d 448 (Colo.App.1987).

II. Mother's Appeal

A.
Mother contends that the trial court erred in finding that her conduct or condition was unlikely to change within a reasonable time. She argues that the evidence showed that she complied with the treatment plan during the 15-month continuance of the termination hearing and that the trial court relied on a stale parent-child psychological evaluation. We find no error.
In determining whether a parent's conduct or condition is unlikely to change within a reasonable time to meet the child's needs, the trial court may consider whether any change has occurred between the time the petition in dependency or neglect was filed and the time of the termination hearing. People in Interest of E.H., 837 P.2d 284 (Colo.App.1992).
In making its findings, the trial court should attribute more weight to the most recent reports and evaluations. People in Interest of L.D., 671 P.2d 940 (Colo.1983). The credibility of the witnesses and the sufficiency, probative effect, and weight of the evidence, as well as the inferences and conclusions to be drawn therefrom, lie within the discretion of the trial court. Thus, its findings and conclusions will not be disturbed on review if they are supported by the record. People in Interest of C.A.K., 652 P.2d 603 (Colo.1982).
Here, the trial court acknowledged that the November 1995 parent-child psychological evaluation was somewhat dated. It determined, however, that the evaluation remained valid in light of all the evidence, none of which contradicted the evaluation. With respect to the treatment plan, the trial court noted mother's increased compliance during the 15-month continuance of the termination hearing, but found that her conduct or condition had not improved enough to enable her to care for the child and was unlikely to do so within a reasonable time. This finding was *1135 premised on evidence that, after more than four years of intervention, mother still lacked the skills necessary to provide nurturing adequate to meet the child's profound emotional needs, as well as evidence that the child could wait no longer for a permanent, stable home.
Because the trial court's finding that mother's conduct or condition was unlikely to change within a reasonable time to meet the child's needs is supported by the record, we will not disturb it on review. See People in Interest of C.A.K., supra.

B.
Mother next contends that the trial court erred in admitting statements she made to her social services caseworker concerning relinquishment of her parental rights. She argues that the statements were privileged communications under § 13-90-107(1)(g), C.R.S.1997. Because mother did not challenge the statements on this ground in the trial court, we will not address this contention on appeal. See In re Catholic Charities & Community Services in Interest of C.C.G., supra.
Judgment and order affirmed.
MARQUEZ and ERICKSON[*], JJ., concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S.1997.