129 P.3d 1080 (2005)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of K.T., a/k/a K.P., a Child, and Concerning C.T., Respondent-Appellant.
No. 05CA1123.
Colorado Court of Appeals, Division II.
December 1, 2005.
Rehearing Denied February 2, 2006.
*1081 Maurice Lyle Dechant, County Attorney, David Frankel, Assistant County Attorney, Andrea Nina Atencio, Assistant County Attorney, Grand Junction, Colorado, for Petitioner-Appellee.
Arthur S. O'Farrell, Grand Junction, Colorado, for Respondent-Appellant.
DAILEY, J.
C.T. (mother) appeals from a judgment terminating the parent-child legal relationship between her and her child, K.T. We affirm.

I.
Mother contends that the evidence was insufficient to support the trial court's finding that she was unfit. She argues that she did not have a substance abuse problem and that she was providing adequate care for an older child. We disagree.
To terminate the parent-child legal relationship pursuant to § 19-3-604(1)(c), C.R.S.2005, clear and convincing evidence must establish, among other things, that the parent is unfit. People in Interest of A.M.D., 648 P.2d 625, 631 (Colo.1982).
Section 19-3-604(2), C.R.S.2005, provides that, "[i]n determining unfitness," the trial court must find "that continuation of the legal relationship between parent and child is likely to result in grave risk of death or serious bodily injury to the child" or that the parent's conduct or condition "renders [him or her] unable or unwilling to give the child reasonable parental care." Reasonable parental care requires, at a minimum, that the parent provide nurturing and protection adequate to meet the child's physical, emotional, and mental health needs.
Among the factors to be considered in making these findings are the parent's excessive use of controlled substances and neglect of the child. Section 19-3-604(2)(e), (f), C.R.S.2005. The trial court may also consider whether reasonable efforts by child-caring agencies have failed to rehabilitate the parent. Section 19-3-604(2)(h), C.R.S.2005.
"A parent may be unfit as to one, but not all, of his or her children." People in Interest of D.L.C., 70 P.3d 584, 588 (Colo. App.2003); see People in Interest of L.D., 671 P.2d 940, 945 (Colo.1983).
The credibility of the witnesses and the sufficiency, probative effect, and weight of the evidence, as well as the inferences and conclusions to be drawn from it, are within the discretion of the trial court. Thus, a trial court's findings and conclusions will not be disturbed on review if the record supports them. People in Interest of C.A.K., 652 P.2d 603, 613 (Colo.1982).
Intervention here was necessitated when the child tested positive for amphetamines, methamphetamine, and alcohol at the time of birth. Expert testimony revealed that the only way these substances could get into the child's system was through prenatal substance abuse by mother. Pursuant to the recommendations of a substance abuse evaluation, the treatment plan required, among other things, that mother participate in intensive outpatient substance abuse treatment and provide two random urinalysis screens each week to establish sobriety. Funding for these services was made available by the county department of human services.
Mother adamantly denied having a substance abuse problem and refused to participate in random urinalysis testing or substance abuse treatment, which resulted in suspension of visitation with the child ten months before the termination hearing. Evidence adduced during the hearing revealed that failure to participate in substance abuse treatment and random urinalysis testing was indicative of continuing substance abuse, as was the disorganized thought patterns and agitated behavior exhibited by mother.
Mother's older child, who was thirteen years old when the petition in dependency or neglect was filed, was not placed out of the home. At the time of the termination hearing, she had been living with her father for several months. Although mother could provide minimally adequate parental care for the older child, the younger child had greater needs as a result of the prenatal drug exposure which mother did not recognize or acknowledge. Because of the children's differing *1082 needs, the trial court was not precluded from finding that mother was unfit only as to the younger child. See People in Interest of L.D., supra; People in Interest of D.L.C., supra.
In finding that mother was unfit, the trial court determined that mother had a substance abuse problem, noting "that it is beyond any reasonable person's imagination that someone who was not abusing illegal substances would forgo seeing their young child by voluntarily refusing to submit to substance abuse testing."
We agree that mother's refusal to document her sobriety through random urinalysis testing and to participate in substance abuse treatment shows that she is not committed to meeting the child's needs and is unfit to parent. See In re Teela H., 4 Neb.App. 608, 547 N.W.2d 512, 522 (1996)(mother's failure to visit her child on a regular basis and improve her understanding of her child's emotional needs demonstrated a lack of commitment to her child). Likewise, her refusal to acknowledge the impact of prenatal substance abuse on the child prevented her from providing reasonable parental care. Thus, having support in the record, the trial court's finding that mother was unfit will not be disturbed on review. See People in Interest of C.A.K., supra.
Finally, in light of our resolution of this contention, we need not address mother's challenge to the applicability of § 19-3-604(1)(a), C.R.S.2005.

II.
Mother also contends that the trial court erred in denying her request for appointment of an expert witness. Again, we disagree.
An indigent parent has a statutory right to the appointment of an expert witness of his or her own choosing at state expense. Section 19-3-607(1), C.R.S.2005. A request for appointment of an expert witness must be made within a reasonable time prior to the termination hearing. People in Interest of L.G., 737 P.2d 431, 434 (Colo.App.1987). Further, the right to an expert witness may be limited in scope in order to protect the child's interests. People in Interest of M.H., 855 P.2d 15, 17 (Colo.App.1992); see § 19-3-604(3), C.R.S.2005.
Here, after cross-examination of the substance abuse evaluator called by the People, mother requested appointment of an expert witness to facilitate a more thorough cross-examination. Acknowledging the untimeliness of her request, mother argues that an earlier request could not have been made because the People did not endorse the substance abuse evaluator as a witness or her evaluation as an exhibit. However, hearings under the Colorado Children's Code are conducted in an informal manner, see § 19-1-106(2), C.R.S.2005, and, by their express terms, the disclosure and discovery rules set forth in C.R.C.P. 26 are not applicable unless ordered by the trial court. See C.R.C.P. 26(a). There was no such order here. Furthermore, the record reveals that mother had access to the substance abuse evaluation more than one year prior to the termination hearing and was familiar with its contents. See § 19-3-607(2), C.R.S.2005.
Finally, the record reveals that the fourteen-month-old child had been placed out of the home since birth, that mother had not visited with him for ten months, and that he could wait no longer for a permanent, stable home. See § 19-3-703, C.R.S.2005. Thus, continuing the hearing for appointment of an expert witness was contrary to the child's interests.
Under these circumstances, we perceive no abuse of discretion in the trial court's denial of mother's request for appointment of an expert witness.
The judgment is affirmed.
Judge ROTHENBERG and Judge LOEB concur.