**The PEOPLE of the State of Colorado,
Petitioner–Appellee,**

**In the Interest of D.Y., a Child, and
Concerning T.Y., Respondent–
Appellant.**

**No. 07CA1434.**

Colorado Court of Appeals,
Div. III.

Dec. 27, 2007.

No Appearance for Petitioner–Appellee.

Margaret J. Russell, Guardian Ad Litem.

Gretchen Stuhr, Alamosa, Colorado, for Respondent–Appellant.

Opinion by Judge TAUBMAN.

T.Y. (father) appeals from the judgment terminating the parent-child legal relationship between him and his son, D.Y. (child). We first address father's assertion that he was not given sufficient time to comply with the treatment plan and, therefore, termination could not be based on a finding of unfitness or failure to change within a reasonable amount of time. We agree, and, therefore, reverse and remand.

The child was removed from mother's care shortly after he was born on October 12, 2006, because the child was born with signs of cocaine exposure in utero.

Shortly before the child was born, the county department of social services (department) filed a petition in dependency or neglect against mother and the father of mother's other child. After D.Y. was born, the petition was amended to include D.Y. and father. Although father initially contested paternity and adjudication of the child, he agreed to enter an admission to the petition on February 2, 2007. Thus, father's treatment plan was not adopted until March 6, 2007. The plan required father, among other things, to actively participate in and complete the Nurturing Parenting class, visit the child a minimum of four hours weekly, commit no criminal violations, obtain appropriate stable housing, and not abuse alcohol, drugs, or prescription drugs. However, the department filed a motion to terminate father's parental rights on March 29, 2007, only twenty-three days after adoption of the treatment plan, and the termination hearing was immediately scheduled for June 11, 2007.

At the commencement of the hearing, father objected to the lack of evidence that he had abused alcohol or drugs, asserted that he had been given insufficient time to comply with the treatment plan, and maintained that he had five months left before its completion date.

Following the termination hearing, father's parental rights were terminated in a bench ruling on June 11. The trial court summarily rejected father's contention that he had not been afforded sufficient time to comply with the treatment plan and concluded that father had not reasonably complied with the treatment plan because he had not attended visitation with the child as set forth in the treatment plan, had excessively used alcohol and controlled substances, and had not established a stable home for the child. The trial court's bench ruling was supplemented by a written termination order dated July 21, 2007.

■ To terminate the parent-child legal relationship pursuant to section 19–3–604(1)(c), C.R.S.2007, clear and convincing evidence must establish, as relevant here, that an appropriate treatment plan, approved by the trial court, has not been reasonably complied with by the parent or has not been successful in rehabilitating the parent; that the parent is unfit; and that the parent's conduct or condition is unlikely to change within a reasonable time. *People in Interest of T.D.*, 140 P.3d 205, 218 (Colo.App.2006).

■ In determining a parent's unfitness for the purposes of section 19–3–604(1)(c)(II), C.R.S.2007, the trial court may consider whether reasonable efforts by child-caring agencies have been unable to rehabilitate the parent. § 19–3–604(2)(h), C.R.S.2007; *People in Interest of D.G.*, 140 P.3d 299, 302 (Colo.App.2006). Reasonable efforts include providing services to facilitate, if appropriate, the speedy reunification of parents with the children who have been placed out of the home and individual case plans. § 19–3–208(2)(a)(IV), (b)(I), C.R.S.2007.

Section 19–3–604(2), C.R.S.2007, also provides that, "[i]n determining unfitness," the

trial court must find "that continuation of the legal relationship between parent and child is likely to result in grave risk of death or serious bodily injury to the child" or that the parent's conduct or condition "renders [him or her] unable or unwilling to give the child reasonable parental care." *People in Interest of K.T.*, 129 P.3d 1080, 1081 (Colo.App. 2005).

A parent has a fundamental liberty interest in the care, custody, and management of his or her child. *See B.B. v. People*, 785 P.2d 132, 136 (Colo.1990); *People in Interest of A.M.D.*, 648 P.2d 625, 632 (Colo.1982). Thus, a treatment plan is designed to preserve the parent-child legal relationship by assisting the parent in overcoming the problems that required intervention into the family. *D.G.*, 140 P.3d at 304.

Although the dependency and neglect statutes encourage expedited permanency planning and the streamlined provision of entitlement services, *see* § 19–3–100.5, C.R.S.2007, no statute specifies a minimum period between the date of a court-approved treatment plan and the date of filing a motion to terminate parental rights. Similarly, no statute specifies a minimum period between the date of a court-approved treatment plan and the date of a hearing on termination of parental rights.

Nevertheless, several statutes seek to strike a balance between the constitutional rights of a respondent-parent and the best interests of a child in obtaining permanency. For example, section 19–3–508(1), C.R.S. 2007, provides that when a child has been adjudicated dependent or neglected, the court may enter a decree of disposition the same day. In any event, however, it shall do so within forty-five days unless the court finds that the best interests of the child would be served by granting a delay. That statute further sets forth the General Assembly's intent that a dispositional hearing be held on the same day as the adjudicatory hearing whenever possible.

Further, section 19–3–702(1), C.R.S.2007, provides in pertinent part that if a child is under six years of age at the time a petition in dependency or neglect is filed, the permanency hearing shall be held no later than three months after the decree of disposition of the child. Also, section 19–3–602(1), C.R.S.2007, provides that a motion to terminate parental rights shall be filed at least thirty days before a hearing on the motion and, if the child is under six years of age at the time the action was filed, the court shall hear the motion for termination within 120 days after the motion to terminate is filed, unless good cause warrants a delay and the court finds that the best interests of the child will be served by granting a delay.

Finally, section 19–3–604(1)(b), C.R.S.2007, provides that a court may order a termination of the parent-child legal relationship without approving an appropriate treatment plan when the court determines that no appropriate treatment plan can be devised to address the unfitness of the parent or parents.

Taken together, these statutory provisions reflect that the General Assembly contemplated the need for expeditious determination of petitions in dependency or neglect and, specifically, for an expeditious termination of parental rights. We further conclude that, by requiring a showing that "an appropriate treatment plan has not been *reasonably* complied with by the parent or parents" and "the conduct or condition of the parent or parents is unlikely to change within a *reasonable* time," *see* section 19–3–604(1)(c)(I), (III), the General Assembly intended that a parent would be afforded a reasonable time to comply with an appropriate treatment plan before parental rights could be terminated. Because the determination of a reasonable period is necessarily fact-specific, what constitutes a reasonable time to comply with a treatment plan may vary from case to case.

█ Thus, unless the court determines that an appropriate treatment plan cannot be devised, once an appropriate treatment plan is approved by the court, a respondent-parent must be given a reasonable time to comply with its provisions. *Cf. People in Interest of M.M.*, 726 P.2d 1108 (Colo.1986)(implicit in the statutory scheme for termination of parental rights is a requirement that the trial court consider and eliminate less drastic alternatives).

Here, the county department of social services proceeded as if no reasonable treatment plan could be developed and as if no treatment plan had been approved by the court. Indeed, on March 6, 2007, the date the treatment plan was approved, the department advised the trial court that it intended to file a motion for termination, although the treatment plan listed completion dates between October and December 2007 for its components. Thus, even before the department filed a motion to terminate father's parental rights, it had concluded that there was little or no chance that father would successfully complete the treatment plan, which left him virtually no opportunity to reunite with his child.

In our view, father might have been able to substantially comply with the treatment plan approved by the trial court if he had been given more time to do so.

Although the evidence was admittedly conflicting, father testified at the termination hearing that he had not been asked to supply a hair strand test, submit a urinalysis, or attend substance abuse counseling. He argued that his family was willing to help him care for the child and that, if given the remaining five months contemplated by the treatment plan, he could obtain housing and a stable job, exercise visitation, and care for the child with the help of a friend or his mother. Providing father with enough time to attend the nurturing class was particularly important because he did not have permanent housing and clearly lacked the knowledge to care for an infant independently.

 Under the circumstances of this case, in which the motion to terminate was filed only weeks after the treatment plan had been adopted and father was given just over ninety days to comply, we conclude that father was not given sufficient time to establish compliance with the treatment plan. *Cf. People in Interest of R.B.S.*, 717 P.2d 1004, 1006 (Colo.App.1986); *People in Interest of T.S.B.*, 757 P.2d 1112, 1113 (Colo.App. 1988)(four to nine months between adoption of treatment plan and termination hearing was reasonable amount of time in which to show compliance), *aff'd sub nom. B.B. v. People*, 785 P.2d at 133. Even if we consider that the department continued to provide services to father between the date of filing of the motion to terminate and the date of the termination hearing, father was afforded just over three months to comply with the treatment plan. This period was at odds with the terms of the treatment plan itself, which established estimated completion dates in seven specified areas between October and December 2007. While the department was not required to wait until December 2007 before filing a motion to terminate, it was required to afford father a reasonable period to comply with the treatment plan before moving to terminate parental rights. In this regard, the estimated completion dates in the court-approved treatment plan are some evidence of what the department and the court believe are reasonable times to comply with its terms.

Further, once the department filed the motion to terminate parental rights on March 29, its commitment to reunite father with his child was equivocal because, by its actions, the department moved forward with efforts to terminate father's parental rights.

Because a parent has a fundamental liberty interest in the care, custody, and management of his or her child, a parent must be given a reasonable period to comply with a treatment plan that has been approved by the court. As noted, that was not done here.

Thus, on this record, we conclude that the trial court erred in finding that father was unfit or that his conduct or condition was unlikely to change within a reasonable period of time to meet the child's needs. Based on this disposition, we need not address father's remaining contentions.

The judgment is reversed, and the case is remanded to the trial court for further proceedings in accordance with this opinion.

Judge ROY and Judge TERRY concur.