181 P.3d 403
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of D.P., Child, and
Concerning M.S., Respondent-Appellant.
No. 07CA1342.
Colorado Court of Appeals, Div. II.
February 21, 2008.
[181 P.3d 405]
        Kathryn L. Schroeder, County Attorney, Donna J. Schmalberger, Assistant County Attorney, Michael J. Valentine, Assistant County Attorney, Aurora, Colorado, for Petitioner-Appellee.
        Dorothy Marie Macias, Guardian Ad Litem.
        Jeffrey M. Timlin, Denver, Colorado, for Respondent-Appellant.
        Opinion by Judge FURMAN.
 
        M.S. (father) appeals from a judgment terminating the parent-child legal relationship between him and his child, D.P. We affirm.
I. Background
        In July 2002, a Rhode Island court entered a judgment awarding mother and father joint legal custody of the child and placing the child with mother. The judgment was modified by the Rhode Island court in November 2004, allowing mother to relocate to Colorado with the child.
        In May 2006, the Arapahoe County Department of Human Services (Department) became involved with the family after receiving a report that mother and stepfather were using methamphetamine in the home. In August 2006, the child, who was approximately four years old, was adjudicated dependent or neglected because father, who lived in Rhode Island, admitted the child was homeless, without proper care, or not domiciled with him through no fault of his own. At that time, the court approved a treatment plan requiring father to (1) cooperate with a home study pursuant to the Interstate Compact on Placement of Children (ICPC), §§ 24-60-1801 to -1803, C.R.S.2007; (2) maintain contact with the caseworker; and (3) visit with the child. In January 2007, the court modified the treatment plan to require father to participate in a substance abuse evaluation.
        In April 2007, the Department filed a motion to terminate the parent-child legal relationship because father did not comply with the treatment plan. In its motion, the Department asked the trial court to communicate
181 P.3d 406
with the Rhode Island court and to resolve any potential jurisdictional issues. Father did not respond to this motion. One month later, father filed in the Rhode Island court a combined motion for a temporary restraining order and modification of custody.
        During a telephone conference between the courts, the Rhode Island court indicated it would defer jurisdiction to the Colorado court. Although father's Colorado and Rhode Island counsel were immediately notified of the conference, neither father nor his Rhode Island counsel appeared the following day at the Rhode Island court's hearing on father's pending motions and jurisdiction. During the hearing, the Rhode Island court concluded jurisdiction was proper in Colorado and dismissed father's case without prejudice.
        On June 27, 2007, the Colorado trial court held a termination hearing. At the hearing, father's Colorado counsel asked for a continuance, alleging that she, father's Rhode Island counsel, and father, who did not appear personally, had not seen a copy of the Rhode Island court's order, and thus believed jurisdiction still was at issue. Counsel for father, however, admitted that father had notice of the proceeding to terminate parental rights. The trial court found there was not good cause to continue the hearing and denied the request. The trial court also found that the Rhode Island court had deferred jurisdiction to it, and the Colorado court then ordered the parental relationship between father and child terminated.
        On appeal, father raises two challenges to the termination order. First, he contends the trial court lacked jurisdiction to enter the order because it did not follow the procedures set forth in the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), §§ 14-13-101 to -403, C.R.S.2007. Second, he contends there was not sufficient evidence to support the termination order. We address and reject each contention in turn.
I. The UCCJEA
        Father contends the trial court lacked jurisdiction to enter the termination order because it did not comply with the procedures set forth in the UCCJEA. We disagree.
        The UCCJEA addresses whether a Colorado court or a non-Colorado court has jurisdiction in child custody proceedings. See §§ 14-13-101 to -403. Section 14-13-110(1), C.R.S.2007, allows a Colorado court to communicate with a court in another state concerning a proceeding arising under the UCCJEA. "Whether a trial court has subject matter jurisdiction over a UCCJEA proceeding presents a question of law that is reviewed de novo on appeal." In re Marriage of Pritchett, 80 P.3d 918, 920 (Colo.App. 2003).
A. Making and Accessing the Record
        Father contends the trial erred in not making a record of its telephone communication with the Rhode Island court, and, alternatively, assuming such a record was made, in denying him access to the record. We disagree.
        Pursuant to section 14-13-110(4) of the UCCJEA, a record must be made of all communications between courts concerning proceedings that arise under the UCCJEA except for those involving schedules, calendars, court records, and similar matters. "`[R]ecord' means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form." § 14-13-110(5), C.R.S.2007. The record may be "a memorandum or an electronic record made by a court after the communication." § 14-13-110 official cmt.
        The Rhode Island court made a transcript of its hearing on the issues of father's pending motions and jurisdiction. This transcript contains information that the Colorado court had communicated to the Rhode Island court. According to the transcript, the Colorado court informed the Rhode Island court that, at the time of the communication, (1) the child had lived in Colorado for more than two years; (2) the child was the subject of a termination proceeding based on events that had occurred in Colorado; and (3) father had been timely notified of the Colorado termination proceeding.
181 P.3d 407
        This transcript is a record of the communication between the Colorado court and the Rhode Island court that satisfies section 14-13-110 for two reasons. First, because section 14-13-110 does not specify which court must make the record, the statute is satisfied if either the Colorado court or the non-Colorado court makes the record. See In re C.T., 100 Cal.App.4th 101, 121 Cal.Rptr.2d 897, 907 (2002). Second, father knew of the facts discussed during the communication, cited in the transcript, and relied on by the Rhode Island court in determining jurisdiction, and he has not contested their validity. See Chick v. Chick, 164 N.C.App. 444, 596 S.E.2d 303, 310-11 (2004). Therefore, because the transcript is inscribed on a tangible medium, it satisfies the statute. See § 14-13-110(5).
        After the telephone conference, the trial court entered a minute order reflecting that its law clerk spoke with the Rhode Island judge, jurisdiction would be deferred to Colorado, and, thus, it did not need to speak with the Rhode Island judge directly. This minute order also is a record of the communication that satisfies the statute because it is stored in an electronic medium and is retrievable in a perceivable form. See § 14-13-110(5); cf. People in Interest of J.M., 74 P.3d 475, 477 (Colo.App.2003) (record sufficient to establish children were adjudicated dependent or neglected included a minute order).
        Therefore, because both the Rhode Island court and the trial court made a record of the communication, and a written record of the proceedings made by either of the communicating courts is sufficient to satisfy the statute, we conclude the trial court complied with section 14-13-110(4) of the UCCJEA.
        In addition, father has not alleged any facts showing that the trial court denied him access to the record. Therefore, we will not consider this argument on appeal. See Antolovich v. Brown Group Retail, Inc., ___ P.3d ___, ___, 2007 WL 2389808 (Colo.App. No. 04CA1528, Aug. 23, 2007).
B. Opportunity to Contest Jurisdiction
        Father next contends the trial court erred in not affording him an opportunity to present facts or legal arguments concerning jurisdiction. We disagree.
        If a Colorado court and a non-Colorado court communicate regarding jurisdiction, and a party is unable to participate in the communication, the court must give that party "the opportunity to present facts and legal arguments before a decision on jurisdiction is made." § 14-13-110(2), C.R.S.2007.
        The record establishes that father's Colorado and Rhode Island counsel were promptly notified of the conference between the courts and of the Rhode Island court's preliminary decision to defer jurisdiction. The record also establishes that, although father had notice of the Rhode Island court's hearing on jurisdiction, he did not appear at that hearing. Thus, we conclude the trial court afforded father an opportunity to present facts and legal arguments before a decision on jurisdiction was made, and we reject his contention alleging otherwise.
C. Law Clerk
        Father also contends the trial court erred in allowing its law clerk to conduct the telephone conference with the Rhode Island court. We agree, but conclude the error in this case was harmless.
        Section 14-13-110 discusses "communication between courts." Section 14-13-102(6) defines "court" as "an entity authorized under the law of a state to establish, enforce, or modify a child-custody determination." Such an entity includes a judge. See Rhoades v. Rhoades, 188 Colo. 423, 425, 535 P.2d 1122, 1123 (1975)(trial judges sitting in trial courts have discretion to make child custody determinations). Such an entity also includes a magistrate. See C.R.M. 6(b)(2) ("a district court magistrate may preside over contested hearings which result in permanent orders concerning ... allocation of parental responsibilities"). However, such an entity does not include a law clerk. Therefore, the trial court erred in allowing its law clerk to conduct the telephone conference with the Rhode Island court.
        However, because counsel for father admitted that father had timely notice of the termination of parental rights hearing, and
181 P.3d 408
father has not shown how he was otherwise prejudiced, we conclude that the trial court's error in allowing its law clerk to conduct the telephone conference with the Rhode Island court was harmless and does not warrant reversal. See C.R.C.P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."); Poudre Valley Rural Elec. Ass'n v. City of Loveland, 807 P.2d 547, 557 (Colo. 1991)("A judgment entered by the trial court will not be reversed for alleged errors unless those errors are shown to prejudice the substantial rights of the complaining party.").
II. Termination Hearing
        Father next contends the trial court erred in terminating his parental rights because (1) there was not clear and convincing evidence to support its finding that he was unfit; and (2) the record does not support its finding that there were no less drastic alternatives to termination. We disagree.
A. Unfit
        Father first asserts there was not clear and convincing evidence to support its finding that he was unfit. We disagree.
        To terminate the parent-child legal relationship under section 19-3-604(1)(c), C.R.S.2007, clear and convincing evidence must establish, among other things, that the parent is unfit. Parental neglect of a child is a statutory factor the court should consider in determining unfitness. § 19-3-604(2)(f), C.R.S.2007. Noncompliance with a treatment plan demonstrates a lack of commitment to meeting the child's needs and, therefore, may also be considered in determining unfitness. See People in Interest of K.T., 129 P.3d 1080, 1082 (Colo.App.2005). A trial court's findings and conclusions as to unfitness will not be disturbed on review if the record supports them. People in Interest of C.A.K., 652 P.2d 603, 613 (Colo.1982).
        The trial court determined father unfit because it found he did not comply with the treatment plan provisions regarding substance abuse and visitation. This finding is supported by the record, which reveals that father did not participate in a substance abuse evaluation or maintain regular contact with the child and the caseworker. Although he called the child sporadically during the pendency of the proceeding, he refused to come to Colorado to visit the child and rejected the caseworker's attempts to secure funding for a trip. Thus, because the record supports the trial court's determination that father was unfit, we conclude the trial court did not err in terminating his parental rights. See § 19-3-604(2), C.R.S.2007; People in Interest of C.A.K., 652 P.2d at 613; People in Interest of K.T., 129 P.3d at 1082.
B. Less Drastic Alternatives
        Father next contends the trial court erred in terminating his parental rights because the record does not support its finding that there were no less drastic alternatives to termination. More specifically, he contends the court should have placed the child with him pursuant to the ICPC home study, or should have allocated parental rights to the child's step-aunt, leaving his relationship with the child intact. We disagree.
        Pursuant to section 19-3-604(1)(c), the trial court must consider and eliminate less drastic alternatives before entering a termination order. C.S. v. People, 83 P.3d 627, 640-41 (Colo.2004); People in Interest of M.M., 726 P.2d 1108, 1122 (Colo.1986). When considering alternatives, the court must give primary consideration to the physical, mental, and emotional conditions and needs of the child. People in Interest of D.B-J., 89 P.3d 530, 531 (Colo.App.2004); see § 19-3-604(3), C.R.S.2007. We will uphold a trial court's determination as to whether less drastic alternatives exist if that determination is supported by the record. See People in Interest of N.A.T., 134 P.3d 535, 538 (Colo. App.2006); People in Interest of D.R.W., 91 P.3d 453, 464 (Colo.App.2004).
        Permanently placing the child with a family member or placing the child in a foster home while allowing the parent to assume some parental responsibilities are not viable alternatives to termination if the child needs a stable, permanent home that can be assured only by adoption. People in Interest of T.E.M., 124 P.3d 905, 910 (Colo.App.2005);
181 P.3d 409
People in Interest of J.M.B., 60 P.3d 790, 793 (Colo.App.2002); People in Interest of E.I.C., 958 P.2d 511, 515 (Colo.App.1998).
        The trial court found there were no less drastic alternatives to termination, and the record supports that finding. The record reveals father had not seen the child since the child moved to Colorado with mother, father did not visit the child during the fourteen-month pendency of the proceeding, and the child did not want to speak with father. The record also reveals that the caseworker, who was qualified as an expert in child protection, believed that a stable, permanent adoptive home was in the child's best interests. Therefore, because the record supports the trial court's finding that there were no less drastic alternatives to termination, we conclude the trial court did not err in terminating father's parental rights. See § 19-3-604(2); People in Interest of C.A.K., 652 P.2d at 613; People in Interest of K. T., 129 P.3d at 1082.
        The judgment is affirmed.
        Judge ROTHENBERG and Judge J. JONES, concur.