24CA0021 Peo in Interest of EKT 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 24CA0021 Adams County District Court No. 21JV84 Honorable Emily Lieberman, Judge The People of the State of Colorado, Appellee, In the Interest of E.K.T. and E.G.T., Children, and Concerning B.S.S., Appellant. JUDGMENT AFFIRMED Division VII Opinion by JUDGE KUHN Tow and Gomez, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Heidi Miller, County Attorney, Meredith Karre, Assistant County Attorney, Westminster, Colorado, for Appellee Debra W. Dodd, Guardian Ad Litem Lindsey Parlin, Office of Respondent Parents’ Counsel, Denver, Colorado, for Appellant 
1 ¶ 1 In this dependency and neglect proceeding, B.S.S. (mother) appeals the judgment terminating her parent-child legal relationships with E.K.T and E.G.T. (the children). We affirm. I. Background ¶ 2 In March 2021, the Adams County Department of Human Services filed a petition in dependency or neglect regarding the children, who were then two years old and seven months old. The Department alleged concerns about the parents’ drug use and the habitability of the home due to electrical issues. The children were briefly placed with kin before being moved to foster care. ¶ 3 The juvenile court adjudicated the children dependent and neglected. It adopted a treatment plan for mother that required her to cooperate and communicate with the Department, stabilize her mental health, engage in substance abuse treatment, work on her relationship with the children, and meet the children’s basic needs. ¶ 4 About seven months later, the Department moved to terminate mother’s parental rights. However, the Department agreed to continue the termination hearing because mother had been engaging in treatment and was sober. The children were returned to mother’s care under intensive supervision and remained with her 
2 for roughly ten months. But after mother tested positive for methamphetamine and stopped engaging in treatment, the children were again removed from her care. The Department then renewed its motion to terminate, and after a hearing more than two and a half years after the petition was filed, the juvenile court granted the motion. II. Discussion ¶ 5 Mother’s sole contention on appeal is that the juvenile court erred by failing to provide her with a reasonable amount of time to comply with her treatment plan before terminating her parental rights. She argues that she had made significant progress toward her goals and would have been in the position to reunify with her children in the near future if the court had allowed more time. We discern no error. A. Standard of Review ¶ 6 Whether a juvenile court properly terminated parental rights presents a mixed question of law and fact because it involves application of the termination statute to evidentiary facts. People in Interest of S.R.N.J-S., 2020 COA 12, ¶ 10. We review the juvenile court’s factual findings for clear error, accepting them if they have 
3 record support. Id. But we review de novo the court’s legal conclusions based on those facts. Id. ¶ 7 The credibility of the witnesses, as well as the sufficiency, probative effect and weight of the evidence, and the inferences and conclusions to be drawn from the evidence, are within the province of the juvenile court. People in Interest of A.J.L., 243 P.3d 244, 249-
50 (Colo. 2010). Accordingly, it’s not our role to reweigh the evidence or substitute our judgment for that of the court. People in Interest of K.L.W., 2021 COA 56, ¶ 62. B. Applicable Law ¶ 8 The juvenile court may terminate parental rights if it finds, by clear and convincing evidence, that (1) the child was adjudicated dependent or neglected; (2) the parent has not complied with an appropriate, court-approved treatment plan or the plan has not been successful; (3) the parent is unfit; and (4) the parent’s conduct or condition is unlikely to change in a reasonable time. § 19-3-604(1)(c), C.R.S. 2023. ¶ 9 An unfit parent is one whose conduct or condition renders the parent unable or unwilling to give a child reasonable parental care. People in Interest of S.Z.S., 2022 COA 133, ¶ 23. “Reasonable 
4 parental care requires, at a minimum, that the parent provide nurturing and protection adequate to meet the child’s physical, emotional, and mental health needs.” S.R.N.J-S., ¶ 9. A court may consider a parent’s noncompliance with a treatment plan in determining unfitness. People in Interest of D.P., 181 P.3d 403, 408 (Colo. App. 2008). ¶ 10 In determining whether a parent’s conduct or condition is likely to change and whether the parent can become fit in a reasonable time, the court may consider several factors, including (1) whether any change occurred during the dependency and neglect proceeding; (2) the parent’s social history; and (3) the chronic or long-term nature of the parent’s conduct or condition. K.D. v. People, 139 P.3d 695, 700 (Colo. 2006). ¶ 11 A parent must have a reasonable amount of time to work on a treatment plan before the juvenile court terminates their parental rights. People in Interest of D.Y., 176 P.3d 874, 876 (Colo. App. 2007). The determination of a reasonable period is necessarily fact-
specific, and thus, what constitutes a reasonable time to comply with a treatment plan may vary from case to case. Id. Periods as short as five to nine months have been held to be sufficient to 
5 comply with a treatment plan.  People in Interest of A.J., 143 P.3d 1143, 1152 (Colo. App. 2006). ¶ 12 A reasonable time is not an indefinite time, and it must be determined by considering the physical, mental, and emotional conditions and needs of the child. S.Z.S., ¶ 24. When the children are under six years old when the petition is filed, the juvenile court must also consider the expedited permanency planning (EPP) provisions, which require that the children be placed in a permanent home as expeditiously as possible. §§ 19-1-102(1.6), 19-1-123, 19-3-702(5)(c), C.R.S. 2023; see also S.Z.S., ¶ 25. C. Analysis ¶ 13 The juvenile court considered whether mother could become fit within a reasonable time if she was given more time to engage in treatment but ultimately found that she could not. The court found that the primary issue throughout the case was mother’s substance use. And it found that there had been “multiple attempts at treatment” but mother had not been able to remain sober or fully address her substance abuse issues. ¶ 14 The court acknowledged that mother maintained sobriety and engaged in treatment for short periods of time, but it also found 
6 that she was unable to demonstrate long-term sobriety. The court took judicial notice of mother’s prior dependency and neglect cases, both of which ended in termination, and found that mother did not successfully address her substance use in those cases either. Thus, the court found that while mother had been given about two years to address her substance use in this case, her substance use had been an unresolved issue for at least six years. ¶ 15 Ultimately, the court found that mother was “back in the same place” as she was in her prior cases and that the “same problems addressed in the treatment plan exist[ed] without adequate improvement” at the time of termination. The court also found that while it appeared that mother wanted to change, her substance use issue was “chronic” and “long-term.” ¶ 16 The record supports the court’s findings. Over two and a half years passed between the adoption of mother’s treatment plan and the termination hearing. The record shows that during this time, mother had not successfully resolved the concerns about her substance use. ¶ 17 The caseworker testified that mother had not provided a urine sample for the two months leading up to the hearing, and before 
7 that, mother had positive tests for methamphetamine throughout the case. Mother testified that the last time she used was about three weeks before the termination hearing. ¶ 18 The caseworker’s supervisor testified that at the time of the termination hearing, mother was not engaged in substance abuse treatment. Both the caseworker and her supervisor testified that while mother attempted to engage with multiple different treatment providers, including at least three outpatient and four inpatient programs, she was never able to successfully complete treatment or maintain sobriety. And they noted the continuing pattern from mother’s prior cases, which were opened based on concerns about her substance abuse. Both the caseworker and her supervisor opined that mother would not be able to become compliant with the substance use component of her treatment plan even if she was given more time. ¶ 19 Mother correctly points out that there was a period of time in which she maintained consistent contact with the caseworker, was sober and engaged in treatment, attended family time, and met the children’s basic needs. But partial or even substantial compliance 
8 with a treatment plan does not necessarily render a parent fit. See People in Interest of K.B., 2016 COA 21, ¶ 26. ¶ 20 Finally, the juvenile court also determined that the case was subject to the EPP provisions. The court found that moving from placement to placement had been detrimental to the children and that it was not in their best interests to wait any longer for permanency. And the court found that the only way to ensure permanency was through adoption. ¶ 21 Within the two and a half years the case was open, the children had six different out-of-home placements in addition to the period of time they were placed back in mother’s care. The caseworker’s supervisor opined that the children were struggling with the lack of permanency and that being “bounced around” would continue to have a negative effect on their development and well-being. The caseworker testified that moving from placement to placement had been difficult and confusing for the children. She opined that the children needed to have a consistent caregiver and to know where their permanent home was going to be. Both the caseworker and her supervisor confirmed that the children could not wait any longer for permanency. 
9 ¶ 22 In sum, the juvenile court determined that mother could not become fit within a reasonable time by considering the evidence, including evidence of mother’s partial compliance and the children’s needs. Because the record supports the court’s determination, we have no basis to disturb the judgment. III. Disposition ¶ 23 The judgment is affirmed. JUDGE TOW and JUDGE GOMEZ concur.