24CA0587 Peo in Interest of ET

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0587
Jefferson County District Court No. 23JV30026
Honorable Ann Gail Meinster, Judge

The People of the State of Colorado,

Appellee,

In the Interest of E.T., a Child,

and Concerning B.S.S.,

Appellant.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE GROVE
Freyre and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

Kimberly S. Sorrells, County Attorney, Sarah L. Oviatt, Assistant County
Attorney, Golden, Colorado, for Appellee

Jeffrey C. Koy, Jordan Oates, Lauren Dingboom, Guardians Ad Litem

Lindsey Parlin, Office of Respondent Parents' Counsel, Denver, Colorado, for
Appellant

¶ 1       In this dependency and neglect proceeding, B.S. (mother) appeals the juvenile court's judgment terminating her parent-child legal relationship with E.T. (the child), following her confession to the motion to terminate.  We affirm the judgment.

## I.       Background

¶ 2       The Jefferson County Division of Children, Youth and Families filed a petition in dependency and neglect regarding the then eleven-month-old child.  The petition alleged that the Division received reports of mother using methamphetamine while caring for the child and that mother admitted to relapsing.  The petition further alleged that mother had a pending dependency and neglect proceeding in a different county involving two older children.

¶ 3       Mother admitted the allegations of the petition and the juvenile court adjudicated the child dependent and neglected.  Mother agreed to enter Jefferson County's Family Integrated Treatment (FIT) court program.

¶ 4       The child's guardian ad litem (GAL) later moved to terminate mother's parent-child legal relationship with the child.  Mother moved for a continuance on the day of trial, arguing that she should be given additional time because she was going to enter a

1

detox facility on the day of the termination hearing. The juvenile court denied mother's motion, finding that she had not shown good cause to continue the hearing. After a short break, mother's counsel advised the court that mother wanted to confess the motion to terminate. After advising mother of her rights and asking additional questions, the court found that mother's confession was voluntary, knowing, and intelligent and terminated mother's parent-child legal relationship with the child.

## II.    Mother's Confession

¶ 5    We will not disturb the juvenile court's finding that mother confessed the termination motion knowingly, intelligently, and voluntarily unless the finding is "so clearly erroneous as to find no support in the record." *People in Interest of A.J.L.*, 243 P.3d 244, 249-50 (Colo. 2010) (quoting *People in Interest of C.A.K.*, 652 P.2d 603, 613 (Colo. 1982)); *see also* C.R.C.P. 52.

¶ 6    Mother argues that her confession was not knowing and voluntary because the court was unable to confirm that she was thinking clearly and able to make a decision forever severing her legal relationship with the child. But the corrected record belies mother's assertions.

2

¶ 7 After the appellate record was certified, the Department moved to correct the record with an updated version of the termination transcript. The original version indicated that mother did not respond to three questions by the juvenile court while it was advising her about the confession to the motion to terminate. Mother's trial counsel stipulated that the corrected record reads as follows:

> COURT: You don't feel you've been forced into this?
>
> RESPONDENT FATHER: No.
>
> RESPONDENT MOTHER: No.
>
> COURT: And nobody's made you any promises in exchange for this?
>
> RESPONDENT FATHER: No.
>
> RESPONDENT MOTHER: No.
>
> . . .
>
> COURT: You feel able to make a clear decision?
>
> RESPONDENT FATHER: Yes.
>
> RESPONDENT MOTHER: Yes.

¶ 8 After the juvenile court granted the motion and adopted the stipulation to correct the record, the Department moved to

3

supplement the record on appeal with the stipulated transcript. Mother's appellate counsel did not object, and this court accepted the supplemental record including the corrected transcript.

¶ 9    Thus, based on the stipulated corrected record before us, mother answered all of the juvenile court's questions about whether she knowingly, voluntarily, and intelligently confessed the motion to terminate.

¶ 10    Mother also asserts that she was in a highly agitated mental state, and so her confession was not valid. But based on the totality of the circumstances surrounding the dependency and neglect proceedings and the termination judgment, we conclude that mother knowingly and intelligently waived her right to contest the motion for termination. Nothing in the record suggests that she was unaware of the effect of her decision. In addition to the questions recited above, the juvenile court also confirmed with mother that she had enough time to discuss her decision with her counsel, that she understood she was giving up her right to a trial and appeal, that the GAL had enough evidence to prove the motion to terminate, and that her decision was final and entered into voluntarily.

¶ 11    Moreover, the record shows that mother was provided written notice that termination of the parent-child relationship was a possibility when the dependency and neglect proceeding began, when she entered the FIT court program, and at other significant stages of these proceeding. During all phases of the proceeding mother was represented by counsel and at the termination hearing, with counsel present, mother confirmed that she was not going to contest termination.

¶ 12    Mother asserts that the fact that she filed a motion to continue, spent the day before the termination hearing trying to get accepted into inpatient treatment, and went to detox on the day of the hearing but then left to appear at the termination hearing indicate that she did not intend to give up her parental rights. But she did not present these arguments to the juvenile court, thus we decline to consider them. *See People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo. App. 2006); *People in Interest of V.W.*, 958 P.2d 1132, 1134 (Colo. App. 1998) (arguments never presented to, considered by, or ruled upon by the trial court may not be raised for the first time on appeal).

¶ 13    Thus, we conclude that the record reveals a clear understanding on mother's part of the effects of parental termination and her decision to confess the GAL's motion.

### III.    Disposition

¶ 14    We affirm the judgment.

JUDGE FREYRE and JUDGE LUM concur.