24CA0952 Peo in Interest of JAAVH 01-02-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0952
City and County of Denver Juvenile Court No. 21JV525
Honorable Elizabeth McCarthy, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of J.A.A.V.H., a Child,

and Concerning K.J.V.H.,

Appellant.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE KUHN
Harris and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 2, 2025

---

Kerri Tipper, City Attorney, Amy J. Packer, Assistant City Attorney, Denver, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Lindsey Parlin, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1    K.J.V.H. (mother) appeals the judgment terminating the parent-child legal relationship with her child, J.A.A.V.H.  We affirm.

## I.    Background

¶ 2    In July 2021, Denver Human Services (the Department) received a report that mother was using illegal substances, her home was very disheveled, and there was domestic violence in the home.  Mother agreed to a safety plan, where the child was placed with maternal grandparents and mother would submit to drug testing.  Mother then tested positive for methamphetamine.

¶ 3    Based on this information, the Department filed a petition in dependency and neglect.  Mother admitted to the allegations, and the juvenile court adjudicated the child dependent and neglected.  The court then adopted a treatment plan for mother that required her to (1) address her substance dependence issues; (2) participate in mental health treatment; (3) provide a safe and stable home for the child; and (4) meet the child's needs and maintain a bond with him.

¶ 4    In June 2023, the Department moved to terminate mother's parental rights.  After several continuances, the juvenile court held an evidentiary hearing on the motion in April 2024.  At the

1

conclusion of the hearing, the court granted the Department's motion and terminated mother's parental rights under section 19-3-604(1)(c), C.R.S. 2024.

## II.     Analysis

¶ 5     Mother asserts that the juvenile court erred by finding that she could not become fit within a reasonable time.  We disagree.

### A.     Applicable Law and Standard of Review

¶ 6     Before the juvenile court may terminate parental rights under section 19-3-604(1)(c), it must find, by clear and convincing evidence, that (1) the parent did not comply with an appropriate, court-approved treatment plan or the plan was not successful; (2) the parent is unfit; and (3) the parent's conduct or condition is unlikely to change in a reasonable time.

¶ 7     An unfit parent is one whose conduct or condition renders the parent unable or unwilling to give a child reasonable parental care. *People in Interest of D.P.,* 160 P.3d 351, 353 (Colo. App. 2007). Reasonable parental care requires, at a minimum, that the parent provide nurturing and safe parenting sufficient to meet the child's physical, emotional, and mental health needs and conditions. *People in Interest of A.J.,* 143 P.3d 1143, 1152 (Colo. App. 2006).  A

parent's noncompliance with a treatment plan generally "demonstrates a lack of commitment to meeting the child's needs and, therefore, may also be considered in determining unfitness." *People in Interest of D.P.*, 181 P.3d 403, 408 (Colo. App. 2008).

¶ 8      When determining whether a parent's conduct or condition is likely to change in a reasonable time, the juvenile court may consider whether any change has occurred during the proceeding, the parent's social history, and the chronic or long-term nature of the parent's conduct or condition. *People in Interest of D.L.C.*, 70 P.3d 584, 588-89 (Colo. App. 2003). Where a parent has made little to no progress on a treatment plan, the court need not give the parent additional time to comply. *People in Interest of S.Z.S.*, 2022 COA 133, ¶ 24.

¶ 9      The determination of a reasonable period of time is fact-specific and so varies from case to case. *Id.* at ¶ 25; *see also People in Interest of D.Y.*, 176 P.3d 874, 876 (Colo. App. 2007). However, a reasonable time is not an indefinite time, and it must be determined by considering the child's physical, mental, and emotional conditions and needs. *S.Z.S.*, ¶ 25. When a child is under six years old, as in this case, the juvenile court must also

consider the expedited permanency planning (EPP) provisions, which require that the child be placed in a permanent home as expeditiously as possible. *See* §§ 19-1-102(1.6), 19-1-123, 19-3-702(5)(c), C.R.S. 2024.

¶ 10 Whether the juvenile court properly terminated parental rights is a mixed question of fact and law. *See People in Interest of A.M. v. T.M.*, 2021 CO 14, ¶ 15. We review the court's factual findings for clear error, accepting them if they have record support, and we review de novo its legal conclusions based on those facts. *People in Interest of S.R.N.J-S.*, 2020 COA 12, ¶ 10.

### B. The Juvenile Court Did Not Err by Terminating Mother's Parental Rights

¶ 11 The juvenile court found that, although mother had made some progress on her treatment plan, she did not reasonably comply with the plan overall and was therefore an unfit parent. *See D.P.*, 181 P.3d at 408. Specifically, the court noted that mother had not completed a drug screen since the beginning of the case. *See People in Interest of K.T.*, 129 P.3d 1080, 1082 (Colo. App. 2005) (unfitness may be premised on a parent's failure to document sobriety). The court determined that mother could not become fit

within a reasonable time considering that (1) the case had been open for almost three years; (2) mother had not established sobriety or progressed beyond supervised visits; and (3) the child had been in out-of-home placement for much of his life and needed permanency as soon as possible. *See S.Z.S.*, ¶ 24; *D.L.C.*, 70 P.3d at 588-89.

¶ 12　　The record supports the juvenile court's findings. The caseworker — who was qualified as an expert in the field of child protection — testified that mother started three different substance abuse evaluations, but she did not begin any treatment until two years into the case. Mother had not completed a drug screen since August 2021, which was positive for methamphetamine. Indeed, the caseworker testified that the Department tried but was unsuccessful in getting mother to take additional drug tests. And mother continued to deny that she had a drug problem. As for family time, the caseworker testified that mother attended inconsistently at first, but she had been more consistent recently. *See People in Interest of V.W.*, 958 P.2d 1132, 1134-35 (Colo. App. 1998) (noting that even "increased compliance" over the course of a case may not justify additional time). But mother's visits remained

supervised after nearly three years. The caseworker opined that, considering the EPP guidelines, mother could not become fit in a reasonable time because the case had been open since 2021 and mother had "every possible service to help rehabilitate" her.

¶ 13 Nevertheless, mother asserts that the juvenile court erred because she made sufficient progress during the case to warrant additional time. For example, mother notes that she participated in substance abuse evaluations and some treatment, attended individual therapy, had stable housing, and formed a bond with the child by engaging in family time. To be sure, the court recognized that mother had done some work during the case, and it commended her for her efforts in the areas described above. Nonetheless, the court found, with record support, that mother was unlikely to become fit within a reasonable time based, in large part, on her resistance to addressing her substance dependence issues and establishing sobriety. It is not our role to reweigh the evidence or substitute our judgment for that of the juvenile court. *See S.Z.S.*, ¶ 29. And because the record supports the court's findings, we have no basis to disturb them. *See id.* We therefore reject mother's assertion.

6

¶ 14 Mother also notes that her ability to fully participate in treatment, sobriety monitoring, and family time was hampered by her transportation issues. But the record shows that the Department provided mother with bus tickets to reach her service providers, and the court found that the Department made reasonable efforts to assist mother in complying with her treatment plan. *See* § 19-3-208(2)(d)(I), C.R.S. 2024 (requiring a department to provide transportation under some circumstances to satisfy its reasonable efforts obligation). Because the record supports the court's finding that the Department made reasonable efforts to provide mother with transportation to her services, we discern no error.

## III.  Disposition

¶ 15 The judgment is affirmed.

JUDGE HARRIS and JUDGE YUN concur.